IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No. **PJM 11-00567** |
| **PHILLIP WHITEHURST,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Phillip Whitehurst is serving a 294-month prison term after pleading guilty in 2013 to two cocaine distribution-related charges and being a felon in possession of a firearm. In his Motion for Sentence Reduction he seeks compassionate release, asking that his sentence be reduced to time-served under 18 U.S.C. § 3582(c)(1)(A)(i). *See* ECF No. 625. He claims that the disparity between his sentence and those of his co-defendants constitutes an extraordinary and compelling circumstance justifying his release, and that release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). The Government opposes Whitehurst's Motion. *See* ECF No. 631.

No hearing being necessary, and for the reasons that follow, Whitehurst's Motion is **GRANTED IN PART**. His sentence **SHALL BE REDUCED** from 294 months to 205 months, followed by five years of supervised release.

### I.     BACKGROUND

This case stems from a drug conspiracy involving the sale of cocaine and crack cocaine in Prince George's County, Maryland, between June 2010 and September 2011. On September 22, 2011, the Government filed a criminal complaint against twenty defendants, including Whitehurst, for their alleged involvement in the scheme.

1

Whitehurst was indicted by a grand jury on April 25, 2012 in a Third Superseding Indictment. ECF No. 145. In the Fourth and Fifth Superseding Indictments, Whitehurst was charged with three Counts: (1) conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); (2) distribution and possession with intent to distribute a mixture or substance containing a detectable amount of cocaine or cocaine base, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Two); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). ECF No. 631 at 2.

In September 2012, one of Whitehurst's co-conspirators, Xavier Eccleston, went to trial in which several other co-conspirators testified against Eccleston. *Id.* The trial included testimony suggesting that Whitehurst, Petitioner here, was the leader of the conspiracy. *Id.* Eccleston was found guilty.

On September 10, 2013, the Government offered Whitehurst a plea bargain that required him to plead guilty to Count One of the Fifth Superseding Indictment, which carried a mandatory minimum sentence of 10 years and a maximum sentence of life in custody. *Id.* at 3. In exchange, the Government agreed not to seek an enhancement under 21 U.S.C. § 851. *Id.*

On September 16, 2013, counsel for the Government met with Whitehurst and his counsel for a "reverse proffer" session. *Id.* During the meeting, the Government extensively discussed the depth and quality of the evidence against Whitehurst, including testimony of cooperating witnesses (several of whom had already testified in his co-conspirator's trial) as well as intercepted telephone conversations between Whitehurst and various co-conspirators. *Id.* at 3–4.

Whitehurst ultimately rejected the Government's written plea offer, and instead, without an agreement with the Government, pled guilty to all three Counts pending against him in the Fifth

2

Superseding Indictment. *Id.* at 4. Notwithstanding the fact that there was no agreement, the Government advised the Court that it would not seek an enhancement pursuant to 21 U.S.C. § 851.

There were three disputed issues at sentencing: (1) the quantity of drugs attributable to Whitehurst; (2) whether he was an organizer or leader of the drug conspiracy; and (3) the calculation of his criminal history in the Pre-Sentence Report. *Id.* at 5. At sentencing, Judge Alexander Williams heard testimony and arguments from counsel as to those questions. *See* ECF No. 437. After the evidence was presented, Whitehurst dropped his objection to an enhancement for leadership in the conspiracy. *Id.* at 67:13–14. Judge Williams gave Whitehurst "the benefit of the doubt" on the quantity of drugs at issue and assigned him a base offense level of 36 – a compromise between the defense's proposal of 32 and the Government's proposal of 38. *Id.* at 72:6–73:8. Judge Williams agreed with the Government as to Whitehurst's criminal history calculation (Category V). *Id.* at 73:18–19.

These calculations resulted in a recommended custody range of 360 months to life. Even so, on December 16, 2013, Judge Williams sentenced Whitehurst to 294 months on Count One — a 66-month downward variance on the basis that Whitehurst's crimes were non-violent and because he believed Whitehurst was "a decent person . . . a good person" — 240 months on Count Two, and 120 months on Count Three, all to be served concurrently. *See id.* at 98:17–99:9; ECF No. 414.

In March 2015, the Fourth Circuit affirmed the District Court's judgment. ECF No. 452. Then in November 2015, Whitehurst filed two Motions to Vacate his sentence under 28 U.S.C. § 2255, both denied by this Court in November 2016. *See* ECF No. 505. To date, Whitehurst has served approximately 152 months in prison. *See* ECF No. 631 at 16. The Bureau of Prisons currently lists his release date as July 17, 2031.

On October 17, 2023, Whitehurst petitioned this Court for compassionate release and a reduction in sentence to time served pursuant to 18 U.S.C. 3582(c)(1)(A)(i), based on the disparity between his sentence and the sentences of his co-defendants. On December 1, 2023, the Government responded. ECF No. 631. The matter is now before the Court for disposition.

## II. DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." *See* 18 U.S.C. § 3582(c). An exception to this rule is the First Step Act, 18 U.S.C. § 3582(c)(1)(A), which allows the court to act on a motion for compassionate release filed by a prisoner. *See United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). To grant relief, two conditions must be met: (1) the movant must present extraordinary and compelling circumstances; and (2) the relief must be consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). A petitioner may move for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.*[1]

### A. Extraordinary and Compelling Circumstances

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is "consistent with applicable policy statements issued by the Sentencing Commission." Until recently, there were no potentially applicable policy statements issued by the Sentencing Commission regarding sentence reductions. *McCoy*, 981 F.3d at 275. While that was so, the Fourth Circuit held that in reviewing a motion for compassionate release pursuant to

---

[1] The Government concedes that Whitehurst has exhausted his administrative remedies, ECF No. 631 at 13, and the Court agrees that this case is properly before it for a determination on the merits.

18 U.S.C. § 3582(c)(1)(A), "courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020) (alteration and emphasis in original)).

Newly amended Sentencing Guidelines went into effect on November 1, 2023. U.S. Sent'g Comm'n, *Guidelines Manual* (Nov. 2023). The new Guidelines includes a catchall provision, "Other Reasons," that states that a Court may find an extraordinary and compelling reason for relief if the "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). "This catchall maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." *United States v. Smith*, Crim. No. JKB-12-479, 2024 WL 733221, at *2 (D. Md. Feb. 21, 2024).[2]

Whitehurst contends that the disparity between his sentence and those of his co-defendants constitutes an extraordinary and compelling circumstance that justifies a sentence reduction.

A sentencing disparity may, in limited circumstances, constitute an extraordinary and compelling reason to reduce a sentence and grant compassionate release. *See e.g.*, *Smith*, 2024 WL 733221, at *3; *United States v. Payton*, PJM-06-cr-341, 2021 WL 927631, at *2–3 (D. Md. Mar. 11, 2021); *United States v. Edwards*, PJM-05-cr-179, 2021 WL 1575276, at *2–3 (D. Md. Apr. 22, 2021); *United States v. Sappleton*, PJM-01-cr-284, 2021 WL 598232, at *1, *3 (D. Md. Feb.

---

[2] The Commission has stated that it "determined that, by retaining a broad catchall provision that allows for consideration of reasons similar in gravity to those enumerated in the policy statement, courts would have both discretion and guidance necessary to grant reduction in any appropriate case." U.S. Sent'g Comm'n, *2023 Amendments in Brief*, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf.

16, 2021); *United States v. Savoy*, Crim. No. JKB-05-00415, 2024 WL 3091125, at *3 (D. Md. June 21, 2024).

Whitehurst was originally sentenced to 294 months of incarceration. ECF No. 413. The co-defendant who received the second highest sentence, Eccleston, was the only one to go to trial. Eccleston was convicted of four cocaine distribution-related charges, and Judge Williams sentenced him to 210 months of incarceration. ECF No. 300. All other co-defendants received sentences of 120 months or less and several received sentences under 80 months. At this point, only Whitehurst remains in prison. ECF No. 625 at 7.

The 84-month disparity between Whitehurst's and Eccleston's sentences was not unwarranted. Whitehurst was the leader of this criminal enterprise and clearly played a major role in the organization.[3] ECF No. 437 at 69:10–70:4. Although the offense was not itself violent, it was an organized, multi-person scheme involving a substantial quantity of narcotics. At the same time, while several of Whitehurst's co-defendants had criminal history categories of I, II, and III, Whitehurst, due to past convictions that included offenses involving cocaine and crack cocaine, had a criminal history category of V. *Id.* at 69:1–9, 74:23–75:17; 89:24–90:19; 98:9–16.

That being said, the disparity between Whitehurst's sentence and those of his co-defendants has widened over time. Though Eccleston was originally sentenced to 210 months of incarceration, his sentence was later reduced to 188 months based on changes in the sentencing regime. ECF No. 556. Then in 2021, this Court granted Eccleston's Motion for Compassionate Release and reduced his sentence to time-served, which was approximately 121 months, in recognition of the disparity

---

[3] Despite his role, it does not appear that Whitehurst was making a great deal of money. ECF No. 437 at 97:13–14; ECF No. 625 at 2, 5. He had no bank accounts and no assets at the time of the Presentence Investigation Report ("PSR"). *See* ECF No. 387 at 19. The PSR states that prior to his incarceration, Whitehurst helped provide for his children and assisted with the household expenses. *Id.* at 16, 19.

between Eccleston's then 188-month sentence and the sentences of the other co-defendants, not including Whitehurst. *See* ECF No. 604.

As with Eccleston, the sentences of several other co-defendants have also been reduced. *See* ECF No. 625 at 5–6; ECF No. 604 at 7. Whitehurst's 294-month sentence now turns out to be about two and half times higher than four of his co-defendants' sentences, and more than triple that of the nine others. Given Whitehurst's leadership role and criminal history, a disparity between his sentence and his co-defendants' sentences is certainly warranted; however, a sentence more than double or triple those of his co-conspirators is too great. *See Smith*, 2024 WL 733221, at *3.

Moreover, while Whitehurst does not make the argument that he would receive a lower sentence today, data from the Sentencing Commission Sourcebook show that the mean sentence imposed for drug trafficking in 2023 was 82 months,[4] substantially lower than the 294 months Whitehurst received for his drug convictions.

Finally, Whitehurst was not charged with any violence in relation to this drug trafficking scheme, nor is there any non-speculative suggestion that he directed or participated in any violence.[5] While the Court is mindful of the scale of Whitehurst's drug operation, and his actions no doubt caused harm to people in Prince George's County, his 24.5-year sentence does not adequately reflect the fact that non-violent crimes are less serious than violent crimes. In 2023, the mean sentence imposed for assault in the Fourth Circuit was 126 months, for kidnapping was 169

---

[4] U.S. Sent'g Comm'n, 2023 Sourcebook, *Sentence Imposed by Type of Crime*, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2023/Table15.pdf.

[5] It has not, however, gone unnoticed that Whitehurst was, at the time of the drug conspiracy, in possession of multiple firearms. ECF No. 437 at 89:20–23.

7

months, for murder was 295 months, and for sexual abuse was 222 months.[6] Meanwhile, the mean sentence imposed for drug trafficking was 91 months. *Id.* Indeed, Whitehurst's current 294-month sentence is longer than many murder sentences; nationally the average sentence for which in 2023 was only 285 months. *Id.*

There is no doubt that Whitehurst has committed serious, albeit non-violent, drug offenses. But taking all of Whitehurst's submission into account and the overall circumstances of his case, the Court finds that extraordinary and compelling circumstances are present here.

### B. The § 3553(a) Factors

Because Whitehurst has established an extraordinary and compelling reason for release, the Court next examines whether the sentencing factors under 18 U.S.C. § 3553(a) also support early release. *See* 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to reflect the seriousness of the offense, promote respect for the law, provide deterrence and just punishment, and protect the public; (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Considering the § 3553(a) factors, the Court concludes that the sentence that is sufficient but not greater than necessary to fulfill the relevant sentencing goals is 205 months (or approximately 17 years).

---

[6] U.S. Sent'g Comm'n, Statistical Information Packet, Fiscal Year 2023, Fourth Circuit, *Sentence Length by Type of Crime*, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2023/4c23.pdf.

Whitehurst's offenses are certainly serious, but the Court emphasizes again that there is no evidence that he directed or personally engaged in any violence. *See United States v. Braxton*, Crim. Nos. JKB-09-478, JKB-15-408, 2020 WL 4748536, at *4–5 (D. Md. Aug. 17, 2020) (reducing sentence to 168 months for nonviolent offender "convicted of possessing substantial quantities of heroin with the intent to distribute"). While punishment and deterrence are surely crucial concerns here given Whitehurst's offense, the Court believes that seventeen years of imprisonment will be sufficient to serve such purposes.

Whitehurst has expressed remorse for his actions and, at 43 years old, ECF No. 387 at 1, his risk of recidivism is in all likelihood reduced compared to when he entered prison over a decade ago. His prison record indicates that he no longer appears to present a danger to society, stating that he has received no incident reports since August of 2017 and the Government has noted no other infractions during Whitehurst's twelve years in prison. ECF No. 625-1 at 5. Moreover, according to the Report, Whitehurst is "considered to be one of the best workers" in his work assignment unit and is "a very respectful inmate" and "a leader" who "helps out wherever needed." *Id.* at 4, 6.

Whitehurst undertook rehabilitation efforts, even before the First Step Act incentivized his doing so. While in prison, he has consistently worked, taken advantage of available programming, and sought out opportunities for improvement. *Id.* He apparently has already received a full-time job offer and appears to have a solid support network of family and friends ready to help him succeed upon release. *See* ECF No. 625-2; ECF No. 625 at 8; *see also Sappleton*, 2021 WL 598232, at *3.

Finally, the factor under § 3553(a) that has been the principal driver of the Court's view of the case is that of sentencing disparity. As discussed at length, *supra*, clear disparities are

9

present here. These disparities further support the conclusion that the § 3553(a) factors support early release.

That said, the Court does not believe <u>immediate</u> release is appropriate.

The First Step Act "does not constrain the Court to decide between immediate release or no reduction at all, and instead leaves the Court discretion in its evaluation of the appropriate sentence once it finds 'extraordinary and compelling reasons.'" *United States v. Howard*, Crim. No. ELH-13-0629, 2024 WL 112010, at *19 (D. Md. Jan. 10, 2024); *see also United States v. Cheese*, Crim. No. ELH-08-0415, 2022 WL 17721142, at *17 (D. Md. Dec. 15, 2022). Numerous district courts in this Circuit and others have granted sentence reductions without ordering immediate release. *See Cheese*, 2022 WL 17721142, at *17 (collecting cases). The Court believes that approach is warranted here.

Accordingly, the Court finds that a reduction of Whitehurst's sentence from 294 months to 205 months is reasonable in light of the overall circumstances of this case. This reduction is roughly equivalent to the reduction Eccleston has received (210 months reduced to 121 months). The original disparity, therefore, that Judge Williams felt was appropriate — given Whitehurst's criminal history and leadership role in the conspiracy — will remain intact. By the time Whitehurst is released, he will have served 84 months longer than Eccleston, and considerably longer still than most of the other co-conspirators. His own circumstances, however, warrant the disparity.

The terms and conditions of supervised release to which Whitehurst was originally sentenced will remain in place.

The Court finds that such a sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a).

### III. CONCLUSION

For the foregoing reasons, Whitehurst's Motion for Sentence Reduction (Compassionate Release), ECF 625, is **GRANTED IN PART**. An Amended Judgment **WILL ISSUE**, reducing Whitehurst's sentence to a term of imprisonment of 205 months, followed by five years of supervised release.

A separate Order will **ISSUE**.

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July  17, 2024